930 F.2d 919
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jeanne C. ZIMMERMAN, Plaintiff-Appellee,
v.
AMERICAN STATES INSURANCE COMPANY, Defendant-Appellant.
 No. 90-3478.
 United States Court of Appeals, Sixth Circuit.
 April 11, 1991.
 
 Before KEITH and BOYCE F. MARTIN, Jr., Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-appellant American States Insurance Company appeals the district court's order awarding a $50,000 death benefit to the plaintiff-appellee, Jeanne C. Zimmerman. We affirm.
 
 I.
 
 2
 American States Insurance Company issued a $50,000 life insurance policy to Robert Earl Zimmerman on February 19, 1979. Jeanne C. Zimmerman, the insured's widow, was the named beneficiary. On December 18, 1984, American States received a request from the insured to surrender his life insurance policy for its cash value.
 
 
 3
 Nearly one month later, American States responded to the insured's request by mailing the insured a letter (urging the insured to reconsider his decision) and a cash surrender form in case Zimmerman still wished to surrender his policy.
 
 
 4
 On January 28, 1985, the insured completed the cash surrender form and mailed it, along with the policy, to American States. Later that evening the insured collapsed while playing basketball; the insured died the following day. American States received the insured's policy and cash surrender form on January 31.
 
 
 5
 American States thereafter received proof of the insured's death and the plaintiff-appellee's request for the $50,000 death benefit. American States refused payment and, instead, tendered the cash value of the life insurance policy to the insured's estate. Jeanne Zimmerman, as administratrix of the decedent's estate, refused the tendered cash value payment.
 
 
 6
 Zimmerman thereafter initiated this action to recover the face amount of her husband's life insurance policy. On April 25, 1990, the district court judge ordered that American States pay Zimmerman $50,000 plus interest. American States thereafter filed a timely notice of appeal.
 
 II.
 
 7
 Though the appellant argues that "[t]he court erred in holding that the policy did not terminate on January 19, 1985 upon the expiration of the grace period following nonpayment of premium," Appellant's Brief at 15, we find that the district court properly concluded:
 
 
 8
 Notwithstanding the policy's grace period provision, the American States letter clearly indicates that the policy will continue in force for at least thirty days from the date of the letter (January 10, 1985) and/or until the policy and surrender form were returned to American States. Accordingly, the Court concludes that the policy was not terminated by virtue of the premium default in December and the expiration of the 31-day grace period.
 
 
 9
 District Court's April 25, 1990 Memorandum and Order at 6.
 
 
 10
 Moreover, though American States argues that "the policy terminated on January 28, 1990 when the completed Cash Surrender Form was mailed to American States," Appellant's Brief at 8, the district court properly concluded:
 
 
 11
 As previously noted, the policy provided that a request to surrender had to be "in a form acceptable to the company," and the parties agree that the January 10, 1985 letter set forth the "acceptable form." The proper focus, therefore, is on the language used in that letter. Reading the letter in its entirety the Court is satisfied that the receipt of the documents was necessary to effectuate the surrender. The letter directs the insured to "return the form with the policy," but also states: "If we do not receive the policy and surrender form within 30 days, the policy will be continued in force and billed in the usual manner." This sentence plainly indicates that the policy will remain in force, and hence no surrender will be effective, until the policy and surrender form are received by American States. Thus physical surrender of the policy, along with the completion and return of the surrender form, was necessary to the insured's acceptance of American States' continuing offer to pay the policy's surrender value.
 
 
 12
 .............................................................
 
 
 13
 ...................
 
 
 14
 * * *
 
 
 15
 [U]nder the plain language of the letter, the policy continued in force until the cash surrender form and the policy were received by American States. As these documents were not received by American States until two days after the insured's death, the policy was in effect on the date of death.
 
 
 16
 District Court's April 25, 1990 Memorandum and Order at 11-12.
 
 
 17
 Because the district court properly analyzed the relevant issues and arrived at the correct conclusion, we AFFIRM the district court's judgment for the reasons stated in the district court's April 25, 1990 Memorandum and Order.